# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| FERNANDO TAPIA, | * | No. 22-1358V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: August 14, 2023 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Timothy William O'Hara, Marvin Firestone MD, JD & Associates, LLP, San Mateo, CA, for petitioner;
Matthew Murphy, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

Fernando Tapia alleged that the influenza vaccine he received on October 15, 2019 caused him to develop an arthrus reaction and/or serum sickness, intermittent skin rash, gastrointestinal bleeding leading to severe anemia, congestive heart failure, and sleep disorder. Pet., filed Sept. 19, 2022, at 1. On August 7, 2023, Mr. Tapia moved for a decision dismissing his petition.

## I.   Procedural History

Fernando Tapia filed a petition on September 19, 2022. Mr. Tapia also filed relevant medical records, which were complete on October 26, 2022. The undersigned issued a comprehensive order, directing Mr. Tapia to file his complete employment file, all filings from his Workers' Compensation case, and gym records from January 1, 2019 through the present. Order, issued Jan. 23, 2023. The order also set the deadlines for the Secretary's Rule 4(c) Report and the parties' expert reports. Mr. Tapia completed filing his materials on April 7, 2023.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

The Secretary filed his Rule 4(c) Report on April 10, 2023. In the report, the Secretary argued that Mr. Tapia had not alleged any Table injury, and that he had not proven causation-in-fact for his injuries. Resp't's Rep. at 5. The Secretary further argued that the claimed injuries were a list of symptoms rather than diagnoses, and that Mr. Tapia had not shown that he suffered from the residual effects or complications of a vaccine-related injury for more than six months. Id. at 6. Finally, the Secretary argued that Mr. Tapia could not establish any of the Althen prongs. Id. at 8.

On August 7, 2023, Mr. Tapia filed a motion for a decision dismissing his petition. Mr. Tapia stated that an "an investigation of the facts and science supporting the case has demonstrated to [him] that he will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot., filed Aug. 7, 2023 at 1. He "understands that a decision by the Special Master to dismiss his petition will result in judgment against him [and] has been advised that such a judgment will end all his rights in the Vaccine Program." Id. Mr. Tapia "intends to elect to reject the Vaccine Program judgment against him and elect to file a civil action." Id. at 2. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II.  Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Mr. Tapia filed medical records and various other records in support of his claim, but nonetheless, wishes to have his claim dismissed and judgment entered against him. Though Mr. Tapia did not cite to a specific rule when filing this motion, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given Mr. Tapia's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed Aug. 7, 2023.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that Mr. Tapia suffered from a defined and recognizable injury. See Lombardi v. Sec'y of Health and Human Servs., 656 F.3d 1343, 1353 (Fed. Cir. 2011) (petitioner has "burden to show by a preponderance of the evidence that they suffered from any medically recognized 'injury,' not merely a symptom or manifestation of an unknown injury."). Without a showing that the vaccinee suffered an injury, the remainder of the case becomes moot. See Broekelschen v. Sec'y of Health and Human Servs., 618 F.3d 1339, 1346 (Fed. Cir. 2010). Accordingly, the undersigned is not required to evaluate whether the influenza vaccine can cause the symptoms alleged.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.** The Clerk shall enter judgment accordingly. <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master
